UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEARTLAND ACADEMY ) | |
| COMMUNITY CHURCH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 2:01CV00060 ERW |
| vs. ) | |
| ) | |
| MICHAEL WADDLE, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court upon Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses [doc. #429]. Also before the Court are Defendant Waddle's Memorandum in Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees [doc. #440], Defendants Parrish and Lewis County's Memorandum in Opposition to Plaintiffs' Motion for an Award fo Attorneys' Fees [doc. #434], and Plaintiff's Reply Memorandum to Defendant Waddle's Memorandum in Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees [doc. #445].

**I.     BACKGROUND FACTS**

On May 11, 2004, this Court entered judgment in favor of Plaintiffs on all of Plaintiffs' claims against Defendant Waddle, but did not enter judgment against Defendants Parrish and Lewis County. Plaintiffs' filed a Motion for an Award of Attorneys' Fees on June 1, 2004, requesting that the Court award fees for the services of the law firms of Haar & Woods, LLP; Ottsen, Mauze, Leggat & Belz, L.C.; and Johnson, Fellows, Blake & Terry, L.L.C. pursuant to 42 U.S.C. § 1988.  With respect to their claim against Defendant Waddle, Plaintiffs seek $542,832.50 in attorneys' fees and $46,946.05

1

in expenses for the law firm of Haar & Woods, LLP; $281,777.50 in attorneys' fees and $9,333.65 in expenses for the law firm of Ottsen, Mauze, Leggat & Belz, L.C.; and $45,177.50 in attorneys' fees and $3,704.45 in expenses for the law firm of Johnson, Fellows, Blake & Terry, L.L.C. With respect to their claim against Defendants Parrish and Lewis County, Plaintiffs seek $48,208.50 in attorneys' fees for the law firm of Haar & Woods, LLP; $41,265.00 in attorneys' fees for the law firm of Ottsen, Mauze, Leggat & Belz, L.C.; and $7,210.00 in attorneys' fees for the law firm of Johnson, Fellows, Blake & Terry, L.L.C. These amounts represent that portion of the total fees reported against Defendant Waddle which are attributable to work related to Defendants Parrish and Lewis County. Plaintiffs ask the Defendants Parrish and Lewis County be held jointly and severally liable with Defendant Waddle for these amounts.

## II.   STANDARD FOR AWARDING ATTORNEYS' FEES

Under the "American Rule," parties are ordinarily required to bear their own attorneys' fees, and courts follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority. Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994). Under 42 U.S.C. § 1988, a court may award attorneys' fees in its discretion. See Farrar v. Hobby, 506 U.S. 103, 109 (1992). A prevailing plaintiff in a 42 U.S.C. § 1983 action should ordinarily recover attorneys' fees under 42 U.S.C. § 1988, unless special circumstances would make such an award unjust. See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, p. 4 (1976) (quoting Newman v. Piggie Park Enter., Inc., 390 U.S. 400, 402 (1968))); Wray v. Clarke, 151 F.3d 807, 809 (8th Cir. 1998). The basic method for computing attorneys' fees under 42 U.S.C. § 1988 is the lodestar approach, whereby hours of service are multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433. In addition, courts consider the following twelve factors when determining whether to

adjust the lodestar upward or downward:

> 1) the time and labor required; 2) the novelty and difficulty of questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

See Blanchard v. Berger on, 489 U.S. 87, 92 n. 5 (1989) (citing and overruling on other grounds Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 17-19 (5th Cir. 1974)).

### III.   DISCUSSION

#### A.   Motion for Attorneys' Fees against Lewis County and Sheriff Parrish

Plaintiffs ask the Court to award them attorneys' fees as a prevailing party over Defendants Parrish and Lewis County. Plaintiffs request that these Defendants be held jointly and severally liable with Defendant Waddle for the portion of their attorneys' fees attributable to fees incurred in work related to Defendants Parrish and Lewis County. In support of their request, Plaintiffs assert that they were a prevailing party over Defendants Parrish and Lewis County because they secured a preliminary injunction against them from February 7, 2002 to May 11, 2004, notwithstanding their failure to achieve a permanent injunction against them. Defendants argue that Plaintiffs' success in getting a preliminary injunction, by itself, should not mean that Plaintiffs are a prevailing party. Although both parties present authority that purports to support their respective positions, neither party explains applicable authority in light of a recent Supreme Court decision, which has altered the analysis regarding prevailing parties.

Defendants' brief mentions the "catalyst theory" as the applicable means of analyzing whether

a party is a prevailing party. The Eighth Circuit has used this theory in past decisions. See, e.g., Pottgen v. Mo. State High Sch. Activities Ass'n, 103 F.3d 720, 723 (8th Cir. 1997) ; Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist., 17 F.3d 260, 262 (8th Cir. 1994); Keith v. Allen, 163 F.3d 602 (Table) (8th Cir. 1998). The catalyst theory involved testing for whether a lawsuit was a "catalyst" to the desired change the plaintiff sought, regardless of whether the desired result came about by court order or voluntary action on the part of the defendant in response to the lawsuit. If a lawsuit was found to be a catalyst for change, attorneys' fees could be awarded to the plaintiff if a fee-shifting statute governed the case. Applying this theory, Defendants argue that since Plaintiffs did not ultimately achieve the relief it sought, any success it had with a preliminary injunction was not a catalyst for change. As such, Defendants claim that Plaintiffs cannot be considered a prevailing party based upon its success in obtaining a preliminary injunction against them.

Notwithstanding Defendants' argument, in 2001, the United States Supreme Court abandoned the catalyst theory, ruling instead that the most important factor in determining prevailing party status was whether there had been an alteration in the legal relationship between the parties. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 605 (2001). In reaching its holding, the Supreme Court reasoned that, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." Id. The Court then held that to secure prevailing party status, a party must receive, for example, a favorable judgment on the merits or a court-ordered consent decree. Id.

Following Buckhannon, there has been disagreement among the circuits as to whether preliminary injunctions rise to the level the Supreme Court would consider acceptable for achieving

4

prevailing party status. Although the Eighth Circuit has not yet ruled on this question post-Buckhannon, several circuits have, and have come to different conclusions. For example, the Fourth Circuit, which had abandoned the catalyst test prior to Buckhannon, has ruled that a preliminary injunction does not have the necessary judicial imprimatur and, thus, cannot confer prevailing party status on a party. See Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 277 (4th Cir. 2002). The Court viewed success on the merits as the crucial element in awarding prevailing party status, and determined that preliminary successes do not equate to success on the merits. Id. at 276-77. The Court concluded that preliminary injunction awards, "because of the preliminary, incomplete examination of the merits involved and the incorporation (if not the predominance) of equitable factors, [are] ill-suited to guide the prevailing party determination[.]" Id. The Third Circuit appears to have used a similar method of analysis to decide whether the merits of a plaintiff's claim had been achieved, but declined to rule on the subject of preliminary injunctions generally. See John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545, 559 (3d Cir. 2003).

Contrary to the holding by the Fourth Circuit, the Ninth Circuit has held that success in a preliminary injunction *can* be sufficient to award prevailing party status to plaintiffs under the test in Buckhannon. See Watson v. Riverside, 300 F.3d 1092, 1093 (9th Cir. 2002). In Watson, the plaintiff received attorneys' fees notwithstanding his failure to secure a permanent injunction because the Court found that the judge's action in awarding the preliminary injunction gave sufficient judicial imprimatur under Buckhannon. Id. at 1096. The Court reasoned that judgments on the merits and consent decrees were only examples of sufficient judicial imprimatur, and not the exclusive means of achieving prevailing party status, and held that since the defendant could not use the document that was being suppressed by the injunction, the preliminary injunction constituted a change in the legal

relationship during the time that the injunction was in effect. Id.

The Court finds that the holding in Watson is distinguishable from the present case because, in that case, the plaintiff's claim was never decided on the merits. Rather, Mr. Watson's claim for permanent injunction was determined to be moot by events surrounding the case, after the preliminary injunction had been entered. Id. Thus, in Watson, unlike in the instant case, a permanent injunction was never issued to replace the preliminary injunction. Consequently, the Court does not find Watson to be persuasive authority for the facts at issue, here. Moreover, because the Fourth Circuit's conclusion, in this Court's view, is more in line with the Supreme Court's emphasis in looking for any change in the legal relationship between the parties, the Court finds its rationale to be more persuasive. The Court acknowledges that there may be special circumstances which would dictate that a court come to a different conclusion. Nevertheless, in the instant case, as there was a judgment on the merits of Plaintiffs' claims which favored Defendants Parrish and Lewis County, and not Plaintiffs, the Court finds that, under the holding in Buckhannon, Plaintiffs are not a prevailing party in the overall lawsuit even though they were initially successful in securing a preliminary injunction. Therefore, the Court concludes Plaintiffs cannot recover attorneys' fees from Defendants Parrish and Lewis County.

      **B.    Motion for Attorneys' Fees against Defendant Waddle**

          *1.    Judicial Immunity Argument*

Defendant Waddle's first argument regarding Plaintiffs' motion for attorneys' fees is that Plaintiffs are not entitled to an award of attorneys' fees against him because he falls under the judicial immunity exception under 42 U.S.C. § 1988(b). Section 1988 allows a prevailing party to collect a reasonable attorneys' fee as part of costs "except that in any action brought against a judicial officer

for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction." 42 U.S.C. § 1988(b). However, courts have held that judicial immunity does not necessarily bar an award of attorneys' fees under 42 U.S.C. § 1988. See Pulliam v. Allen, 466 U.S. 522, 544 (1984); R.W.T. v. Dalton, 540 F.Supp. 772, 773 (E.D. Mo. 1982) (citing Morrison v. Ayoob, 627 F.2d 669, 673 (3rd Cir. 1980)). Rather, the decision of whether to award attorneys' fees under § 1988 rests with the broad discretion of the district court. Jenkins v. Missouri, 127 F.3d 709, 713 (8th Cir. 1997).

Defendant Waddle argues that Plaintiffs cannot seek to recover attorneys' fees against him under 42 U.S.C. § 1988 because his actions in this case were properly taken in his capacity as Juvenile Officer pursuant to the orders of Judge Steele. However, as this Court found in its Memorandum and Order dated May 11, 2004, Defendant Waddle's actions toward Heartland were clearly in excess of his jurisdiction, such that they violated Plaintiffs' constitutional rights. Therefore, given Defendant Waddle's unconstitutional behavior in the present case, the Court holds that he is not exempt from liability for attorneys' fees under § 1988.

### 2.   *Duplication of Efforts Argument*

Defendant Waddle next maintains that Plaintiffs' motion for attorneys' fees should be substantially reduced because Plaintiffs, on numerous occasions, are seeking to recover fees for duplicated efforts.

#### a.   *Recovery for Fees Incurred in Appealing Preliminary Injunction*

Defendant Waddle alleges that Plaintiffs' request for attorneys' fees incurred in the appeal of the preliminary injunction order to the Eighth Circuit should be reduced because Plaintiffs' attorneys'

inefficiently used their time. First, Defendant argues that Tim Belz spent an excessive amount of time, approximately 148 hours, preparing Plaintiffs' brief on appeal. Given the complex constitutional issues that were involved, the Court finds that the amount of time Mr. Belz spent on the brief to be reasonable, and not inefficient as Defendant alleges. Defendant further contends that Lisa Pake and Robert Haar spent an excessive amount of time revising and reviewing the brief, and that their approximate time of 48 hours in telephone calls and meetings was inefficient. Again, because of the complexity of the issues, the Court finds the that amount of time spent was reasonable and, therefore, finds it unnecessary to reduce Plaintiffs' requested fees.

Next, Defendant claims that Plaintiffs' attorneys were inefficient in using their time to prepare their reply brief. The Court finds no unreasonable or duplicative efforts on the part of Plaintiffs' attorneys in this regard, given the magnitude of the issues in dispute.

Finally, Defendant argues that Plaintiffs' attorneys spent too much time preparing for oral arguments. The Court finds no unreasonably long effort on the part of Mr. Belz, the attorney who argued the case, nor does it find that Ms. Pake or Mr. Haar were unreasonable in billing for their presence at the oral argument or in preparing for the oral argument. Therefore, the Court shall not reduce the requested fees.

       *b.*  *Fees for Trial on the Merits*

Defendant claims that any attorneys' fees awarded to Plaintiffs for their counsel's attendance and participation at the permanent injunction trial should be reduced for duplication of effort and inefficient use of time. While the Court acknowledges that Plaintiffs had numerous attorneys present at the trial, the Court holds that because this case was complex and because Plaintiffs were facing the prospect that Defendant Waddle would call any of the more than 800 witnesses he had listed,

Plaintiffs' counsels' fees and expenses will not be reduced for any duplication of effort and inefficiency of Plaintiffs' counsel.

                c.        *Fees for Preparing Post-Trial Brief*

Defendant says that Plaintiffs' attorneys' fees should also be reduced because of the excessive billing and duplication of efforts by Plaintiffs' counsel in preparing their post-trial brief. Defendant alleges that Mr. Belz's 220.2 hours spent preparing the post-trial brief was excessive. Furthermore, Defendant alleges that Ms. Pake's 239 hours and Mr. Haar's 34 hours spent preparing the post-trial brief were also excessive. However, the Court acknowledges that in preparing the post-trial brief, Mr. Belz, Ms. Pake, and Mr. Haar had to review the seventeen days of trial transcript and the numerous pieces of evidence introduced by both sides at trial. Therefore, the Court holds that Plaintiffs' counsels' time commitment was neither duplicative nor excessive in light of the length of the trial and the amount of exhibits, the necessary review of those documents to write the post-trial brief, and the complexity of the subject matter. Additionally, the Court will not place a cap on the rates the attorneys charged for their time spent preparing and drafting the post-trial briefs because each attorney's skill level and expertise justifies a different hourly rate and the hourly rates charged by Plaintiffs' counsel are within the range of rates commonly charged in the St. Louis area.

                d.        *Fees For Time Spent In Travel*

Defendant also argues that Plaintiffs' attorneys' fees should be reduced to eliminate the fees that their attorneys incurred for the time they spent traveling. Some "costs" not available under 28 U.S.C. § 1920 are recoverable as "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, and thus should [be] included as part of the reasonable attorneys' fees awarded" under 42 U.S.C. § 1988. Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir. 1996).

9

For example, courts have held that costs such as "*travel expenses*, long-distance telephone calls, photocopying services and express mail charges, are more properly labeled 'litigation expenses,' which generally are compensable as part of a reasonable attorneys' fee, rather than costs." Martin v. City of Indianapolis, 28 F.Supp.2d 1098, 1107 (S.D. Ind. 1998) (citing Pinkham, 84 F.3d at 294-94) (emphasis added). Generally, a court should award attorneys' fees for litigation expenses at the full hourly rate that the lawyer usually charges, unless such recovery is found to be unreasonable. "Such an award would be unreasonable if, for example, the lawyer did not customarily charge clients for travel time, or if he did not have other work that could have been done during that time had he not been traveling on [the client's] business." Rose Confections, Inc. v. Ambrosia Chocolate Co., 816 F.2d 381, 396 (8th Cir. 1987).

Plaintiffs' attorneys, who are from St. Louis, incurred fees while traveling to Hannibal, Kirksville, Jefferson City, and Bethel to pursue Plaintiffs' claims against Defendant. The Court holds that because Plaintiffs' counsel customarily charges for travel time, as is the usual legal practice in St. Louis, and because Plaintiffs' counsel had other work that could have been done if their attorneys were not traveling to pursue Plaintiffs' claim against Defendant, Plaintiffs' may recover fees for the time their attorneys spent traveling at their full hourly rate. Furthermore, there is no case law supporting Defendant's contention that Plaintiffs' failure to demonstrate that competent counsel was not available in the areas closer to where this action arose bars Plaintiffs' counsel from recovering fees for time spent traveling.

### 3. *Defendant's Proposed Across-The-Board Reduction*

Defendant contends that Plaintiffs' should be barred from recovering any attorneys' fees

where the entries to document for the fees are vague and where the Court cannot discern whether the work performed was duplicative. Defendant cites to a case from the Southern District of New York to support his argument that vague entries such as "telephone call," "review of documents," "review of file," and "trial prep" should be disallowed. See Pressman v. Estate of Steinvorth, 886 F.Supp. 365 (S.D.N.Y. 1995). However, contrary to Defendant's argument that the court in Pressman disallowed such fees because the documentation of them was "vague," the court actually disallowed the aforementioned entries because the plaintiff had brought both an interpleader and accounting action against the defendant, and the entries did not adequately reflect which of the actions the plaintiff was working on when the entry was made. Id. at 367-368. Although the entries may not specifically state who was called, or what documents were reviewed, the Court exercises its discretion and holds that an across-the-board reduction in attorneys' fees on an argument of vagueness is not appropriate since Plaintiffs' entries for meetings, telephone calls, and conferences were all related to the underlying action. Furthermore, the Court holds that Plaintiffs' counsels' telephone calls and conferences were invaluable for the exchange of perspectives on the particular legal topic presented in this case. See Emmenegger v. Bull Moose Tube Co., 33 F.Supp.2d 1127, 1139 (E.D. Mo. 1998) ("Having several attorneys attend the same meeting or participate in the same conference call promotes the exchange of different perspectives on a particular legal strategy and decreases the possibility of some misunderstanding arising at a later date.").

Nevertheless, the Court finds that many of Plaintiffs' attorneys' fees and expenses derive from activities not related to their claims against Defendant Waddle, but instead from activities related to the claims against Defendants Lewis County and Parrish. The Court has previously held that Plaintiffs' counsel cannot recover from Defendants Parrish and Lewis County fees for work related

to Plaintiffs' claims against them because Plaintiffs did not prevail against them. Likewise, the Court holds that Plaintiffs cannot recover such amounts from Defendant Waddle. As a result, the Court will reduce the amount of attorneys' fees to be recovered from Defendant Waddle by the amounts Plaintiffs have specifically attributed to Defendants Lewis County and Parrish in their motion. Thus, the Court will reduce the amount to be recovered for fees of Haar & Woods, LLP by $48,208.50; the amount to be recovered for fees incurred by Ottsen, Mauze, Leggat & Belz, L.L.C. by $41,265.00; and the amount to be recovered for fees of Johnson, Fellows, Blake & Terry, L.L.C. by $7,210.00. Additionally, the Court finds that the amount to be recovered for fees of Ottsen, Mauze, Leggat & Belz, L.C. shall further be reduced. The Court finds that the December 2, 2003 entry on their log suggests that the legal work done on that day related to Defendant Ayers, not Defendant Waddle (i.e., telephone conference with Doug Leyshock, Defendant Ayers' attorney, and fax to Doug Leyshock), so the Court will not award attorneys' fees for the 2.3 hours recorded. Thus, the Court will deduct an additional $402.50 in attorneys' fees from Ottsen, Mauze, Leggat, & Belz, L.C.

### C.   Agreed-to Reductions

The Court notes that the parties have agreed to several reductions. First, Plaintiffs have consented to dropping their claim for reimbursement of phone charges from the hotel room bill of Mr. Johnson, of Johnson, Fellows, Blake, & Terry, L.L.C., for a total reduction of $91.37. Next, in regards to expenses submitted by Haar & Woods, LLP, Plaintiffs agreed that witness fees to Mr. Bowen and Mr. Greenwell should be deducted, as the checks issued to them were never cashed, thus reducing the total expense amount by $80.00. Finally, Plaintiffs recognize a duplicate charge of $826.49 for trial material, and agreed to make a corresponding deduction from the Haar & Woods, LLP, expense submission.

**D.     Reductions for Costs Awarded Pursuant to 28 U.S.C. § 1920**

In order to avoid duplication, Plaintiffs request that its award of expenses against Defendant Waddle be reduced by the amount of the costs that the Court awards them pursuant to their Bill of Costs. Therefore, Plaintiffs' requested expenses against Defendant Waddle shall be reduced by $23,512.65. More specifically, Haar & Woods, LLP's expenses shall be reduced by $15,224.03; Ottsen, Mauze, Leggat & Belz, L.C.'s expenses will be reduced by $5,923.95; and Johnson, Fellows, Blake & Terry, L.L.C.'s expenses shall be reduced by $2,364.67. Those amounts represent the costs that Plaintiffs are entitled to receive as costs pursuant to 28 U.S.C. § 1920 in a separate order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Expenses [doc. #429] is **GRANTED, in part** and **DENIED, in part**. Defendant Waddle is ordered to pay Plaintiffs' attorneys' fees in the amount of $772,701.50 and expenses in that amount of $35,565.01. More specifically, Defendant is ordered to pay $494,624.00 in attorneys' fees and $30,815.53 in expenses for Haar & Woods, LLP; $240,110.00 in attorneys' fees and $3,409.70 in expenses incurred by Ottsen, Mauze, Leggat & Belz, L.C.; and, $37,967.50 in attorneys' fees and $1,339.78 in expenses for Johnson, Fellows, Blake & Terry, L.L.C. Plaintiffs are not entitled to recover attorneys' fees against Defendants Lewis County and Sheriff Parrish.

Dated this <u>16th</u> day of August, 2004.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

13